IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SERTA, INC., a Delaware Corporation, Plaintiff, v. OLEG CASSINI, INC., a New York Corporation, Defendant. | Case No.: Judge: **JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff, Serta, Inc. ("Serta"), for its complaint against defendant Oleg Cassini, Inc. ("Oleg Cassini"), states as follows:

## PARTIES

1. Plaintiff Serta, Inc. is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois.

2. Defendant Oleg Cassini, Inc. is a New York corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action because this is a civil action brought under 28 U.S.C. § 1331 for a declaratory judgment of rights and obligations arising under the Trademark and Unfair Competition Laws of the United States, 15 U.S.C. § 1051

*et seq*. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

4. This Court has personal jurisdiction over Oleg Cassini because Oleg Cassini offers goods for sale, and has sold goods, using the trademarks at issue in this case throughout the United States, including in Illinois. Additionally, Oleg Cassini advertises its products using the trademarks at issue in this case throughout the United States, including in Illinois.

5. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims at issue arose in the Northern District of Illinois.

**FACTUAL ALLEGATIONS**

6. Serta, through its licensees, is one of the world's largest manufacturers of mattresses, mattress foundations and other bedding products. One of Serta's most successful and well known products is the PERFECT DAY line of mattresses. Serta has been using the PERFECT DAY trademark to identify its goods since July of 2005. The PERFECT DAY trademark is registered with the United States Patent and Trademark Office. A copy of the certificate of registration for the PERFECT DAY trademark is attached as Exhibit A.

7. Serta's products, including its PERFECT DAY mattresses, are available in over six thousand furniture and department stores, sleep specialty shops and national chain stores in the United States and Canada alone. Serta's products are advertised on television, radio and in national newspapers. In addition, Serta's products are produced at twenty-three plants in the United States, four in Canada and more than twenty abroad.

8. Serta periodically introduces new PERFECT DAY mattress models, including mattresses that may be sold exclusively at a single retailer. The most recent PERFECT DAY line

comprised nearly 75 different mattress models, each assigned a different model name. One such mattress model was the PERFECT DAY Cassini mattress model that was sold exclusively at J.C. Penney Company, Inc. ("jcpenney") department stores.

9. The PERFECT DAY Cassini model name was one of several model names Serta used for the PERFECT DAY mattresses that were based on various outer space-related names including, among other things, the Eclipse, the Gemini, the Moonscape, the Onyx Moon, the Orion, the Pisces, the Sirius, the Stellar, the Taurus, the Cassini, and the Nebula.

10. The name of the PERFECT DAY Cassini mattress model name was inspired by numerous space-related entities including Giovanni Domenico Cassini, a famous Italian/French astronomer who lived from 1625-1712, and the famous NASA Cassini spacecraft and solstice mission.

11. In addition to the famous astronomer and the NASA spacecraft, the term "Cassini" is used and has been used by others in association with a variety of other goods and services including various food products, a lunar crater, and a web server.

12. On or about September 13, 2011, Serta received a letter from Oleg Cassini claiming that Serta's sale of the PERFECT DAY Cassini mattress model infringed Oleg Cassini's trademark rights in the name "Cassini." A copy of the September 13th letter is attached hereto as Exhibit B to this Complaint.

13. In response to Oleg Cassini's demands, and in an effort to avoid litigation, Serta promptly discontinued the PERFECT DAY Cassini mattress model at jcpenney and Serta informed Oleg Cassini of its decision to discontinue the model. Even though Serta discontinued the PERFECT DAY Cassini model, Oleg Cassini persisted in its demands and threatened to

initiate litigation against Serta and its customer, jcpenney. Copies of Oleg Cassini's letters threatening litigation are attached as Exhibit C.

14. Oleg Cassini has no federal or common law trademark rights in the name "Cassini" in connection with mattress and/or bedding products.

15. Given the diverse use of the Cassini name and the widespread use of Serta's famous PERFECT DAY trademark, there simply is no evidence that consumers were or would be confused as to the source, origin, affiliation, or sponsorship of the Serta PERFECT DAY Cassini mattress model or that consumers would believe there was some connection with Oleg Cassini or his clothing or perfume line.

16. Oleg Cassini's threats have established a substantial controversy between Serta and Oleg Cassini, which have adverse legal interests, such that the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I - DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT UNDER 28 U.S.C. § 2201

17. Serta repeats and re-alleges the allegations contained in paragraphs 1-19 above as through fully set forth herein.

18. Serta has not infringed and is not infringing any valid trademark of Oleg Cassini.

19. To resolve the legal and factual questions raised by Oleg Cassini and to afford relief from the uncertainty and controversy that Oleg Cassini's accusations have precipitated, Serta is entitled to a declaratory judgment that it has not infringed and is not infringing, any valid trademark right of Oleg Cassini, or has valid defenses to infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Serta requests this Court enter a judgment in its favor and against Oleg Cassini as follows:

a. that the Court declare that Serta has not infringed any valid trademark rights of Oleg Cassini;

b. that the Court declare that Oleg Cassini and each of its officers, directors, employees, agents, consultants, attorneys, parents, subsidiaries, and any person in active concert or participation with it be restrained and enjoined from further threatening, prosecuting, or instituting any action against Serta, its customers, retailers, or distributors claiming that Serta has infringed or is infringing any trademark right of Oleg Cassini;

c. that the Court declare this an exceptional case and order sanctions and attorneys' fees be awarded pursuant to 15 U.S.C. § 1117; and

d. that the Court award such other and further relief as the Court deems just and equitable.

**DEMAND FOR A JURY TRIAL**

Serta hereby demands a trial by jury in this action on all claims and issues triable before a jury.

November 10, 2011

Respectfully submitted,

/s/ Nicole M. Murray
Nicole M. Murray
nicole.murray@quarles.com
Nicole A. Bashor
nicole.bashor@quarles.com
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3422

Attorneys for Plaintiff,
Serta, Inc.