**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SERTA, INC., a Delaware corporation,

                              Plaintiff,

                                             Case Number: 11-cv-08004 (RMD)

          v.

OLEG CASSINI, INC., a New York
corporation,

                              Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT OLEG CASSINI, INC.'S**
**MOTION TO DISMISS SERTA, INC.'S COMPLAINT FOR DECLARATORY RELIEF**

          Defendant Oleg Cassini, Inc. ("OCI"), through its undersigned counsel, respectfully

submits this Memorandum of Law in support of its Motion to Dismiss Serta, Inc.'s ("Serta" or

"Plaintiff") Complaint for declaratory judgment (the "Illinois Action") or, in the alternative, to

transfer the Illinois Action to the Southern District of New York pursuant to 28 U.S.C. § 1404, or

at a minimum stay this action.

**I.       INTRODUCTION**

          In the Illinois Action, Plaintiff, among other things, seeks for this Court to declare that it

has not infringed any valid trademark rights of OCI.  Plaintiff is not entitled to any such relief as

this is an improper action for declaratory judgment and is nothing more than an improper

anticipatory filing and an attempt to deny the "natural" plaintiff, OCI, the right to choose the

forum in which to litigate this dispute.

          After discovering that Plaintiff was responsible for placing into the stream of commerce a

mattress bedding line being sold at www.jcpenney.com entitled "Cassini Firm [size] Mattress,"

counsel for OCI transmitted, in an effort to resolve the matter, a cease and desist letter to Serta

and to JC Penney in or around October 2011. In its correspondence, OCI advised, among other things, its intention to commence an action to enjoin Serta's infringement if OCI did not receive an appropriate and timely response. Counsel for OCI and Plaintiff engaged in discussions and Plaintiff requested that OCI make a demand to resolve this dispute. After responding to Plaintiff's request and making a demand, OCI expected, per its conversation with counsel for Plaintiff, that it would receive a response to the demand and that the parties would engage in good faith settlement efforts. Rather than responding to OCI's good faith settlement proposal, Serta ambushed OCI by immediately running to this Court and filing an improper declaratory judgment action in Serta's--the infringer--forum.

After exhausting settlement discussions, OCI promptly filed an action in the Southern District of New York, Civil Action Number 11-CV-08751-PAE, entitled *Oleg Cassini, Inc. v. Serta, Inc., et al.* (the "New York Action"). A complete resolution of the issues is available in the New York Action. Accordingly, and in the interests of judicial economy, OCI moves to dismiss the Illinois Action, or in the alternative, to transfer the Illinois Action to the Southern District of New York pursuant to 28 U.S.C. § 1404, or, at a minimum to stay the Illinois Action.

## II.     FACTUAL BACKGROUND

### A.     The Cassini Trademarks

OCI was founded in 1951 by Oleg Cassini, an internationally renowned designer. Plaintiff is engaged in the business of designing, distributing and licensing the names and trademarks OLEG CASSINI®, CASSINI® and other marks incorporating these names (the "Cassini Marks") on a wide variety of merchandise including, but not limited to, apparel, home goods, bedding, mattresses and other houseware type items, luggage, bridal wear, eyewear, jewelry, fragrances, hosiery, shoes, clocks, watches, brief cases and many other items. Over the years, the Cassini Marks have also been used and licensed for mattresses, bedding and linens.

OCI through its licensee, Burlington Industries ("Burlington"), developed a very successful bedding line for the J.C. Penney Company whose various style names included "Cassini Flowers," "Cassini Lily", "Cassini Stripe" and "Cassini Pyramid". Similarly, OCI through Burlington licensed and produced a high end Cassini branded line of mattresses distributed to Sealy. Bedding lines bearing the Cassini Marks have also been designed and sold to other large department stores.

B. **The Parties**

OCI is a New York corporation with its principal place of business in New York City, New York. OCI maintains its showroom and business offices in New York City. The majority of its employees work out of its New York City location. It does not have any offices or employees in Illinois.

Serta is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois. (See Serta's Complaint at ¶ 1, attached to the Reppert Decl. as Exhibit B.) Serta alleges that its products are available in over six thousand furniture and department stores, sleep specialty shops and national chain stores throughout the United States and Canada and that it produces its products at twenty-three (23) plants throughout the United States, four (4) in Canada, and more than twenty (20) abroad. Id. at 7.

While not a party to the Illinois Action, J.C. Penney Company, Inc. and J.C. Penney Corporate, Inc. (referred to collectively as "JCP") are Delaware corporations with their headquarters based in Plano, Texas. Upon information and belief, JCP has stores throughout the United States and sells a large number of consumer goods through it website located at www.jcpenney.com.

C.     **The Anticipatory Filing**

In or about mid-September of 2011, OCI became aware that "Cassini" branded mattresses (the "Infringing Products") were being sold on the JCP website.  Counsel for OCI transmitted a cease and desist letter to counsel for Serta on or about October 6, 2011.  (*See* Reppert Decl. at ¶ 3.)  A similar letter was sent to JCP on October 10, 2011. (Reppert Decl. ¶ 3.)

In a letter dated October 14, 2011, counsel for Serta acknowledged OCI's cease and desist letter and stated its position regarding OCI's claims.  (Reppert Decl. ¶ 4 .)  By letter dated October 17, 2011 counsel for OCI replied to counsel for Serta with a counter proposal and requested additional information from Serta.  (Reppert Decl. ¶ 5.)  This letter further stated that if this information was not received that suit would be filed by OCI.  Subsequently, counsel for OCI called and spoke with counsel for Serta on November 1, 2011.  At this time, Serta's counsel requested a settlement demand from OCI.  (Reppert Decl. ¶ 6.)  In an effort to resolve the dispute, OCI made a good faith demand.  (Reppert Decl. ¶ 6.)[1]  Counsel for Serta advised OCI's counsel that she would speak with her client, and would get back to OCI's counsel to discuss the matter further.   (Reppert Decl. ¶ 6.)

On November 10, 2011, Serta filed the Illinois Action seeking a declaration that Serta had not infringed upon the Cassini Marks.  (See Exhibit B to the Reppert Decl.)  In response to OCI's good faith settlement demand, Serta transmitted a copy of the Illinois Action and requested that OCI withdraw its demand by overnight mail.  (Reppert Decl. ¶ 7)  Despite Serta's tactics, counsel for OCI tried to continue good faith settlement discussions.  OCI transmitted

---

[1] Normally, under the federal rules of evidence, settlement discussions are not discoverable.  However, in the underlying declaratory judgment action counsel for Serta attached correspondence and referenced discussions pertaining to same.  Since this was an anticipatory filing, Defendant has been left with no alternative but to address the allegations; however, requests that the Court restrict the usage to this context.

follow up correspondence to Serta on November 18, 2011.[2]  (Reppert  Decl. ¶ 8.)  Upon receipt

of Serta's counsel's letter dated November 22, 2011, it became clear that settlement negotiations

had stalled.   Accordingly, OCI filed an action for trademark infringement in the United States

District Court  for  the  Southern  District  of  New  York  on  December  1,  2011  ("New  York

Action").   (Reppert   Decl. ¶ 8 and Exhibit E.)   OCI effected service on Serta and JCP on

December 2, 2011.  (Reppert  Decl. ¶ 9.)  In addition to Serta, JCP is a party to the action filed in

the Southern District of New York.   An amended complaint was filed against the previously

named defendants and was amended to also include National Bedding, LLC d/b/a Serta Mattress

and J.C. Penney Corporate, Inc. on December 19, 2011.  (Reppert  Decl. ¶ 10 and Exhibit F.)

## III.    ARGUMENT

### A.    This Court Should Decline to Exercise Jurisdiction Over This Action Because It Is an Improper Pleading Pursuant to the Declaratory Judgment Act.

The Declaratory Judgment Act (the "Act") provides, in relevant part, as follows:

> (a) In a case of actual controversy within its jurisdiction . . . any court of the
> United States, upon the filing of an appropriate pleading, may declare the rights
> and other legal relations of any interested party seeking such declaration, whether
> or not further relief is or could be sought. Any such declaration shall have the
> force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201.  "The purpose of the Act 'is to avoid accrual of avoidable damages to one

not certain of his rights and to afford him an early adjudication, without waiting until his

adversary should see fit to begin suit, after damage has accrued.'"  M Credit, Inc. v. Cadlerock,

LLC, 2003 U.S. Dist. LEXIS 13349, at *7 (N.D. Ill. 2003) (quoting Nucor Corp. v. Acerosv

Maquilas de Occidente, S.A. de C.V., 28 F.3d 572, 577 (7th Cir. 1994)).  The Act was designed

to prevent one party from continually accusing the other without reaching a conclusion.  Id. at

*7-8; see also Cunningham Brothers Inc.v. Bail, 407 F.2d 1165 (7th Cir. 1969) (stating that the

---

[2] Counsel for JCP has been copied on all recent correspondence and its counsel has acknowledged receipt of all
correspondence by and between all parties.

purpose of the Act is to avoid the accrual of damages while waiting for the opposing party to file suit).

It is well settled, however, that "federal courts have the discretion to decline to hear a claim for declaratory relief in appropriate circumstances." Eli's Chicago Finest, Inc. v. The Cheesecake Factory, Inc., 23 F. Supp. 2d 906, 907 (N.D. Ill.1998) (citing Brillhard v. Excess Ins. Co. of America, 316 U.S. 491 (1942)). In fact, "district courts have *wide discretion* to decline to hear such actions." Essex Group, supra, 100 F. Supp 2d at 914 (emphasis added) *citing* North Shore Gas Co. v. Salomon Inc., 152 F.3d 642 (7th Cir. 1998) ("As is apparent from the use of the word "may," the [Declaratory Judgment Act] does not obligate courts to issue declaratory judgments."). Id. at 647. In making its decision, "the Court must determine whether exercising jurisdiction is consistent with the purposes of the Declaratory Judgment Act ("Act"), 28 U.S.C.A. § 2201." Id.

Here, the Illinois Action is not consistent with the purpose of the Act and therefore this Court should decline to exercise its jurisdiction.

## 1. The Illinois Action is an improper anticipatory filing.

OCI respectfully requests that this Court dismiss the Illinois Action as an improper anticipatory filing under the Declaratory Judgment Act, 28 U.S.C.A. § 2201 ("Act"). Generally, the rule in this District is that "when *mirror image* suits are filed in two federal districts, the first case filed takes priority." Eli's Chicago Finest, Inc. v. The Cheesecake Factory, Inc., 23 F. Supp. 2d 906 at 908 (N.D. Ill. 1998) (citation omitted) (emphasis added); see also Serlin v. Arthur Anderson & Company, 3 F.3d 221, 223 (7th Cir. 1993). The Seventh Circuit, however, "**has never adhered to a rigid 'first to file**' rule." Tempco Electric Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746, 750 (7th Cir. 1987) (affirming dismissal of a first filed

declaratory action complaint in favor of a later filed infringement action); see also Trippe Mf. Co. v. American Power Conversion Corp., 46 F.3d 624, 629 (7th Cir. 1995).

In particular, the Seventh Circuit "*has expressly disfavored applying the rule*" where, as here, the declaratory judgment action, though filed first, is filed in anticipation of litigation by the other party." Eli's, 23 F. Supp. 2d at 908 (emphasis added,) (citing Allendale Mutual Insurance Co. v. Bull Data Systems, Inc., 10 F.3d 425 at 431 (7th Cir. 1993)).

The Courts have recognized two policy reasons for this rule. The first is that the anticipatory infringement suit would allow a "potential defendant to make a procedural preemptive strike [to rob] the natural plaintiff of his ability to select his forum." Eli's, 23 F. Supp. 2d at 909. This is in agreement with "the fundamental principle that 'a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way.'" Essex Group, Inc. v. Cobra Wire & Cable, Inc., 100 F. Supp. 2d 912, 914 (N.D. Ind. 2000) (quoting Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V., 28 F.3d 572, 577 to 578 (7th Cir. 1994)).

The second reason is to prohibit a "race to the courthouse," which will encourage settlement and discourage costly litigation. Eli's, 23 F. Supp. 2d at 909. The courts acknowledge that to allow declaratory actions to be brought in anticipation of an infringement suit would force litigants to "quickly file suits in the forum of their choice" and incentivize parties not to settle as "a good faith effort at negotiation could deprive a litigant of a favorable venue." Id. The Seventh Circuit is clear that "[t]he federal declaratory judgment is not a prize to the winner of the race to the courthouse." Tempco, 819 F.2d at 750 (citations omitted).

Tempco, like here, involved a dispute where the plaintiff was accused of infringing upon the trademark of the defendant. After negotiations conducted over a series of letters and phone

calls back and forth, the discussions stalled and the defendant trademark holder sent a letter stating it would be forced to file suit for infringement. The plaintiff then filed a declaratory judgment complaint in the Northern District of Illinois. Four days later, the defendant filed an infringement action in the District of Connecticut. The defendant then moved to dismiss the declaratory action complaint, which the Northern District of Illinois Court subsequently granted. The Seventh Circuit Court of Appeals upheld the lower court and rejected the first to file rule and stated that where "...the declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed, even if filed four days later." Tempco, 819 F.2d at 749.

Similarly, in Eli's, the plaintiff filed a declaratory judgment action in the Northern District of Illinois after receiving a cease and desist letter from defendant which accused plaintiff of violating its trademarks. Plaintiff then, exactly mirroring the actions taken by Serta in this action, sent defendant a copy of their complaint without actually serving it until a later date. Shortly afterwards, the defendant filed an infringement action against the plaintiff in federal court in California and moved to dismiss plaintiff's declaratory judgment action. The court dismissed the anticipatory declaratory judgment action as improper notwithstanding the fact that it had been filed first. The court frowned upon the plaintiff's obvious attempt at forum shopping. The court reasoned that the forum-shopping engaged upon by the plaintiff was too much of an abuse of the Declaratory Judgment Act to be allowed to stand. Id.

Serta's filing in this district is clearly an anticipatory filing which is aimed to deprive OCI of its rights as a "natural" plaintiff to file an infringement action in the venue of its choice. OCI's letter dated October 6, 2011 stated that if Serta did not take appropriate measures to remedy its infringement "an action to enjoin Serta" would be commenced under the law.

(Reppert Decl. ¶ 3.) This letter further directed Serta to place a "litigation hold" on all document destruction policies as of the date of the letter. (Reppert Decl. ¶ 3.) On November 1, counsel for Serta requested a settlement demand from OCI and indicated that she would get back to counsel for OCI. Rather, than getting back to OCI, Serta used the time to prepare a complaint to ambush OCI. Rather than responding to OCI, Serta filed suit in the Northern District of Illinois, on November 10, 2011, in order to head off the impending suit of OCI. (Reppert Decl. ¶¶ 6-7.)

OCI was attempting to reach a settlement with Serta without engaging in costly litigation. This is the exact policy reason cited by the Eli's court in explaining the need for the rule prohibiting anticipatory declaratory judgment actions. OCI believed that it was in the process of attempting to work out a settlement with Serta and was falsely given this impression when Serta asked for a demand immediately prior to filing suit. Id. Shortly thereafter, OCI realized negotiations would not continue and initiated its trademark infringement suit against Serta and JCP in the United States District Court for the Southern District of New York.

Not only does the correspondence establish that Serta's declaratory judgment suit was anticipatory, but the declaratory judgment action filed by Serta clearly states that OCI "persisted in its demands and threatened to initiate litigation against Serta and its customer, jcpenney. Copies of Oleg Cassini's letters threatening litigation are attached as Exhibit C." (*See* Exhibit B to Reppert Decl., Plaintiff's Complaint.) Serta further pleads it was because of these threats of imminent litigation which established a controversy that prompted Serta to seek a declaratory judgment. Id. at ¶ 16. Serta has stated in its Complaint that its filing was in anticipation of OCI's impending suit. Serta improperly sought to forum shop and have this matter venued in its

home state without regard to the law and necessary parties. Accordingly, under established Seventh Circuit law, a dismissal of Serta's Complaint is warranted.

> **2.      OCI promptly filed suit in the Southern District of New York and Serta has suffered no harm.**

As set forth above, district courts have great discretion in deciding to entertain a complaint brought under the Act. Serta has not met the requirements to be heard under the Act as it has not been unfairly prevented from adjudicating its right. OCI has not been dilatory in asserting its claims of infringement or in filing the New York Action and, therefore, Serta has suffered no harm for which declaratory judgment can provide a cure.

In asserting its rights, OCI was not engaged in a cycle of continual and endless accusations without affording Serta an opportunity to adjudicate its rights. OCI reasonably sought to resolve the dispute prior to initiating litigation. There has been no inordinate delay by OCI. Prior to suit being filed in this District, OCI's counsel was waiting to hear back from Serta's counsel in response to the last discussion which counsel had indicated would be presented to its client. Serta's counsel, while appearing to negotiate in good faith, used such appearance as a subterfuge so as to allow it to do an end-run to the courthouse while OCI was waiting for a response and engaging in reasonable and good faith efforts to resolve the dispute informally. Serta's counsel, however, elected to play a different game which the law in this Circuit has deemed inconsistent with the intent, meaning and spirit of the Act.

In fact, it was only when Serta unexpectedly filed its complaint by way of ambush that it was apparent that negotiations had stalled. The courts have held that where a party "has not been unfairly deprived of an opportunity to adjudicate [its] rights, a declaratory judgment is unnecessary." Eli's, 23 F. Supp. 2d at 908 (citing Tempco, 819 F.2d 746) (dismissing plaintiff's complaint as the court found no need for it to exercise its discretion to hear plaintiff's claims).

Tempco also addresses rather succinctly the intended purpose of a declaratory judgment action by stating its purpose is:

> to "clarify[] and settl[e] the legal relations at issue" and to "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Borchard, *Declaratory Judgments* 299 (2d ed. 1941). A declaratory judgment is available where a party desires a declaration of the legal effect of a proposed or past course of action. Essentially, two related but distinct fact situations are contemplated: (1) The controversy has ripened to a point where one of the parties could invoke a coercive remedy (i.e. a suit for damages or an injunction) but has not done so; and (2) Although the controversy is real and immediate, it has not ripened to such a point, and it would be unfair or inefficient to require the parties to wait for a decision. Tempco, 819 F.2d at 749.
>
> The wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum."

Tempco, 819 F.2d at 750 (citing American Automobile Insurance Co. v. Freundt, 103 F.2d 613 at 617 (7th Cir. 1939)).

Thus, it is clear that Plaintiff's complaint does not warrant jurisdiction from this Court where there is no evidence of prejudice or avoidable damages accruing. In fact, by rushing to court, Plaintiff has forced the Defendant to preserve its rights and bring in all necessary parties which includes JCP and National Bedding at this time in its infringement action which is now pending in the Southern District of New York and incur additional legal fees. Serta's counsel should have simply responded to OCI's counsel as she said she would and engaged in good faith settlement discussions as the courts not only prefer but mandate.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS CASE TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a) OR STAY THE CURRENT ACTION

In the event this Court finds that dismissal of the Illinois Action is not appropriate, OCI respectfully requests that this Court transfer the Illinois Action to the Southern District of New York. The federal change-of-venue statute provides, in pertinent part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. <u>See</u> 28 U.S.C. § 1404(a).

To justify a transfer, the "moving party must show that: (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice." <u>Gueorguiev v. Max Rave, LLC</u>, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). Some courts also consider the situs of the subject matter of the dispute in evaluating whether to transfer. <u>See</u>, <u>e.g.</u>, <u>St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.</u>, No. 05 C 5484, 2006 WL 1543275 (N.D. Ill. June 1, 2006). "The movant has the burden of establishing . . . that the transferee forum is clearly more convenient." <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d 217, 219-20 (7th Cir. 1986).

The first requirement of section 1404(a) is met where Serta's principal place of business is located in the Northern District of Illinois. (Serta's Complaint ¶ 1, attached to the Reppert Decl. as Exhibit B.) As to the second requirement venue is proper in the transferee district where OCI is incorporated in the state of New York and its business offices are located within the Southern District of New York. (*See* Declaration of Marianne Nestor ¶ 2.) In addition, Serta is a national company and its products are available in over six thousand furniture and department stores, sleep specialty shops, and national chain stores throughout the United States and Canada. (Serta's Complaint ¶ 7, attached to the Reppert Decl. as Exhibit B.) Serta's products are available and it transacts business in New York. Thus, venue is proper in the transferee district.

OCI also satisfies the third factor where a transfer to the Southern District of New York will be more convenient for the parties and potential witnesses. When considering a section 1404(a) transfer motion for convenience, the Court must determine whether transfer of the lawsuit will accomplish two objectives: (1) enhancement of the convenience of the parties; and

12

(2) enhancement of the convenience of the witnesses.  Gen. Accident Ins. Co. v. Travelers Corp., 666 F. Supp. 1203 (N.D. Ill. 1987).  In making this analysis, courts consider the situs of material events and the relative ease of access to evidence.  St. Paul Fire and Marine Insurance Company v. Franklin Bank, S.S.B. and G.M. Sign, Inc., 2006 U.S. Dist. LEXIS 81109 at *6-7 (N.D. Ill.) OCI and all of OCI's potential witnesses currently reside in the State of New York. (See Exhibit A, Declaration of Marianne Nestor ("Nestor Decl.") at ¶ 2.)  Specifically, they all are within the jurisdiction of the United States District Court for Southern District of New York.  Id.  OCI has no employees in Illinois nor has it ever had any offices there.  Id.  All of its business records are maintained in New York.  Id.  All of its employees are based in New York.  Id.  OCI is a New York corporation with its headquarters and showrooms located in New York City.  Id.  at ¶ 2-3.

As such, the individuals who have the most relevant knowledge related to the issues raised in this matter are all located within the boundaries of the Southern District of New York and venue there is more convenient for OCI, the natural plaintiff in this infringement action, and the potential witnesses than in the Northern District of Illinois.  (Nestor Decl. ¶ 2-3.)  It will be extremely disruptive to the OCI operations to continue this matter in Illinois.  Serta, on the other hand, is a large national publicly traded company with offices and plants throughout the United States and Canada.  Serta was incorporated in Delaware.  (Serta's Complaint ¶ 1, attached to the Reppert Decl. as Exhibit B.)  Though its principal place of business is located in Illinois, it is highly unlikely that its only potential witnesses of Serta are all located within the Northern District of Illinois.  Due to the greatly increased convenience for OCI and its potential witnesses and the relative indifference of convenience for Serta and its witnesses, these factors weigh in favor of transfer to the Southern District of New York.

The fourth factor to be considered in a motion to transfer venue pursuant to section 1404(a) is whether the transfer would serve the "interest of justice." See TIG Ins. Co. v. Brightly Galvanized Prods., Inc., 911 F. Supp. 344, 346 (N.D. Ill. 1996). This factor focuses on promoting judicial economy. See Jaramillo v. DineEquity, Inc., 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009). OCI has filed a separate infringement lawsuit in the Southern District of New York against Serta and JCP which is more comprehensive and it encompass all the issues and claims in this action. If this action is transferred, OCI would move to consolidate the two lawsuits. This would combine the two actions and therefore allow for much greater judicial economy. The current action does not include JCP nor does the declaratory judgment action encompass the full scope of the trademark infringement action which has been filed in the New York Action. The relevant factors weigh in favor of transferring this lawsuit from the Northern District of Illinois to the Southern District of New York if a dismissal is not granted.

## III.  IN THE ALTERNATIVE, THIS COURT SHOULD STAY THE ILLINOIS ACTION PENDING THE OUTCOME OF THE NEW YORK ACTION

While Defendant maintains that a dismissal is the most appropriate relief, in the alternative, the Court should stay the Illinois Action pending the outcome of the New York Action. A federal court has discretion to exercise its inherent power to stay the proceedings before it. Landis v. N. Am. Co., 299 U.S. 248 (1936). As the Seventh Circuit has held:

> No mechanical rule governs the handling of overlapping cases. Judges sometimes stay proceedings in the more recently filed case to allow the first to proceed; sometimes a stay permits the more comprehensive of the actions to go forward.

Blair v. Equifax Check Serv., Inc., 181 F.3d 832, 838 (citation omitted).

Here, it is in the interest of judicial economy to issue a stay while the New York Action is pending. The New York Action is more comprehensive; fully encompasses all issues currently in front of this Court and has joined all the necessary parties unlike the pending Illinois Action.

## CONCLUSION

For the foregoing reasons, OCI respectfully requests that Serta's complaint for declaratory judgment be dismissed or, in the alternative, transfer the current action to the Southern District of New York pursuant to 28 U.S.C. § 1404, or in the alternative, to stay the Illinois Action.

Date: January 5, 2012

Respectfully submitted,

OLEG CASSINI, INC.

By: s/J. Vincent Reppert

One of Its Attorneys

Joseph F. Schmidt (ARDC No. 2492180)
jschmidt@shefskylaw.com
John F. Kennedy (ARDC No. 6196185)
jkennedy@shefskylaw.com
Erin K. Lynch (ARDC No. 6293268)
elynch@shefskylaw.com
Shefsky & Froelich Ltd.
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Telephone:     (312) 527-4000
Facsimile:     (312) 527-4011
*Local Counsel for Oleg Cassini, Inc.*

Julius Vincent Reppert
jvreppert@reppertkelly.com
Reppert Kelly, LLC
120 Mountain View Blvd.
Post Office Box 509
Basking Ridge, NJ 07920
(908) 605-2120 Telephone
(908) 605-2121 Facsimile
*Lead Counsel for Oleg Cassini, Inc.*