IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SERTA, INC., a Delaware Corporation, Plaintiff v. OLEG CASSINI, INC., a New York Corporation, Defendant. | Case No. 11 CV 8004 Judge Dow |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

Oleg Cassini, Inc.'s ("OCI") Motion to Dismiss should be denied because this is the first-filed action which was filed long after OCI had made the same demand and the same threat over and over again, which Serta had rejected time and again. Serta is entitled to seek and obtain an adjudication of its rights and to protect its important customer relationships from continued threats and interference by OCI.

**I.     FACTS**

On September 13, 2011, OCI wrote Serta claiming that Serta's sale of the PERFECT DAY Cassini mattress model at J.C. Penney infringed OCI's trademark rights. *See* Exhibit A. While Serta believed that it had not infringed any rights of OCI, Serta nevertheless agreed in its September 23, 2011 response to discontinue the sale of the PERFECT DAY Cassini mattress model in order to resolve the issue without litigation. *Id*.

Notwithstanding Serta's agreement to discontinue use of the Cassini model name, counsel for OCI wrote on October 6 demanding, among other things, an accounting, detailed

financial information, corrective advertising and alteration of Google search results. *Id*. OCI's counsel threatened that "[i]f we do not receive an appropriate immediate response" Cassini would file suit. *Id*. Eight days later, Serta's counsel responded confirming that the Serta PERFECT DAY Cassini mattress "is no longer available" but declining to provide any of the information or do any of the things demanded by OCI because "[w]e…consider this matter closed." *Id*. Three days later, on October 17, OCI's counsel again wrote, again demanding an accounting, detailed financial information and alteration of Google search results. *Id*. And he threatened that "[i]f we do not receive this information, we will be forced to file suit." *Id*.

On November 1, counsel for OCI wrote Serta's customer, J.C. Penney, again demanding an accounting, payment of damages, and alteration of Google search results. *Id*. And he again threatened that "[i]f we not receive this information, we will proceed to file suit." *Id*. In a phone conversation the same day, counsel for Serta emphasized to OCI's counsel that Serta (and J.C. Penney, whose defense Serta had accepted) would not acquiesce to Cassini's remaining demands. Yet OCI persisted. OCI would not relent. To resolve the impasse and the dispute, Serta filed this suit for a declaration of non-infringement. It brought the action in the Northern District of Illinois, where Serta is located.

Three weeks later, OCI filed suit in the Southern District of New York (Case No. 11 Civ. 8751(PAE)), based on the same facts and issues raised here. Specifically, OCI claims that the sale and marketing of Serta's PERFECT DAY Cassini mattress model violates OCI's trademark rights.

Serta moved to dismiss the New York action on January 5, 2012, based on the first-to-file rule. That motion is currently pending.

**II.     ARGUMENT**

**A.     This Court Should Retain Jurisdiction Over this Action.**

The dispute between Serta and OCI is exactly the type of action contemplated by the Declaratory Judgment Act; namely, a dispute in which OCI's continued and persistent threats over more than a month lead to harm in the marketplace and uncertainty as to whether Serta will be hauled into court. The persistent demands caused, and are continuing to cause, damage to Serta's relationship with one of its most important customers, J.C. Penney, and in the form of wasted time, energy, and actual monetary loss that Serta has expended responding to OCI's threats.

The Declaratory Judgment Act provides, in part, that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. The purpose of the Declaratory Judgment Act is to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage has accrued." *Nucor Corp. v. Aceros y Maquilas de Occidente, S.A. de C.V.,* 28 F.3d 572, 577 (7th Cir. 1994). A declaratory judgment action should proceed if it "will clarify and settle the disputed legal relationships and afford relief from the uncertainty and controversy that created the issue." *Steiner Industries, Inc. v. Auburn Mfg., Inc.,* No. 07C668, 2007 U.S. Dist. LEXIS 46060, at *11 (N.D. Ill. June 22, 2007). Here, a declaratory judgment action will clarify and settle the dispute between Serta and OCI because OCI's claims all stem from Serta's alleged trademark infringement. A declaration of non-infringement, as Serta has requested, will provide relief from the uncertainty arising from this dispute and will resolve the dispute between the parties.

This Court should consider five factors when making a determination of whether it should retain jurisdiction of a declaratory judgment action.[1] The factors to be considered include "(1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for *res judicata*'; (4) whether the use of a declaratory judgment action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective." *Id*. at *12-13. OCI ignores all but the third factor.

The factors all favor retention of jurisdiction by this Court. The resolution of Serta's complaint would resolve the issue of trademark infringement and would resolve the issues raised in OCI's New York complaint. The claims presented by OCI in New York all arise out of a nexus of common facts and allegations; namely, whether Serta infringed OCI's trademark. Accordingly, the first and second factors weigh in favor of this Court retaining jurisdiction.

The fourth factor favors retention of jurisdiction here because both actions were filed in federal court and thus, issues of federalism do not apply. The fifth factor weighs heavily in favor of this court maintaining the declaratory judgment action. Under the Second Circuit's

---

[1] OCI improperly brings it motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) is directed to the legal sufficiency of the plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, accept as true all well-pleaded facts and allegations in the complaint, and construe all allegations of the complaint in the light most favorable to the plaintiff. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To state a claim on which relief can be granted, a plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *E.E.O.C. v. Concentra HealthServs.*, 496 F.3d 773, 776 (7th Cir. 2007). OCI has not identified any alleged deficiencies with Serta's complaint. Instead, a review of the Complaint reveals that Serta pled the claim in sufficient detail to put OCI on notice of its claims. Further, the allegations contained within the complaint plausibly suggest that Serta has a right to a declaratory judgment.

strict interpretation of the first-to-file rule, OCI's second-filed suit in New York will likely be dismissed. *Adams v. Jacobs,* 950 F.2d 89 (2d Cir. 1991) ("a party who first brings an issue into court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter."). Thus, there will be no other forum for resolving the issues presented here.

Finally, this action was brought for precisely the reasons contemplated by the Declaratory Judgment Action and the third factor therefore also favors retaining jurisdiction here. Serta did not "wrest the choice of forum" away from OCI. OCI kept making the same demand with the same threat of litigation over and over again to Serta and its important customer, J.C. Penney, continuing for more than a month.

The cases on which OCI relies to suggest that there was something improper in Serta's filing here are simply inapposite. In *Tempco Electric Heater Corp. v Omega Engineering Inc.,* 819 F.2d 746, 747 (7th Cir. 1987), the Defendant sent a cease and desist letter to the Plaintiff claiming trademark infringement and setting a ten day deadline for a response. After eight days with no response, the Defendant again sent a letter with a shortened 48 hour deadline for response. *Id.* The next day, Plaintiff's counsel contacted the Defendant and communicated the Plaintiff's disinclination to comply with the Defendant's demand. *Id.* That same day the Defendant sent a final letter stating that it was left with no choice but to file suit. *Id.* The Plaintiff received the letter and filed suit the same day for a declaratory judgment. *Id.*

Similarly, in *Eli's Chicago Finest, Inc. v. The Cheesecake Factory, Inc.*, 23 F. Supp. 2d 906 (N.D. Ill. 1998), the defendant sent a cease and desist letter with a ten day deadline. Six days after receiving the cease and desist letter and without responding to the defendant, the

plaintiff filed suit for a declaratory judgment. *Id*. The plaintiff then forwarded a copy of the complaint to the defendant and expressed its interest in "opening a dialogue." *Id*.

In contrast to both *Tempco* and *Eli's*, for two months Serta engaged in good faith efforts to resolve the dispute, but faced the same demand and the same threat from OCI time and again. In fact, in an effort to *avoid* litigation and resolve the issue, Serta discontinued and removed from all J.C. Penney stores the PERFECT DAY Cassini mattress model line in question. Only when OCI continued to refuse to moderate its demands for an accounting, damages and modification of third party search engine results, and again threatened Serta's valuable customer, J.C. Penney, did Serta file this action. For more than a month, settlement discussions were stalled. Yet OCI did not file suit nor did it say anything suggesting that litigation was imminent. In no instance did OCI specify a forum, provide a deadline before it would file suit, or give any other indication that a lawsuit was imminent. Serta's suit was not an improper anticipatory action. *See Steiner Industries, Inc. v. Auburn Mfg., Inc.,* No. 07C668, 2007 U.S. Dist. LEXIS 46060, at *11, *14 (N.D. Ill. June 22, 2007) (finding no anticipatory suit where "defendant threatened litigation and then failed to keep multiple deadlines to file suit" and a "cloud of apprehension lingered over the Plaintiffs, and especially over [the Plaintiff's] relationship with its important customers."). *Id*. at *14.

**B.     A Transfer of Venue Is Not Warranted.**

Transfer of this action would be inappropriate because OCI cannot show that the Southern District of New York is a clearly more convenient forum. When evaluating a motion to transfer, the Court must balance (1) the convenience to the parties, (2) the convenience to witnesses, and (3) the interests of justice. 28 U.S.C. § 1404(a). *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). An additional factor, the plaintiff's choice of forum, is

given significant deference if the plaintiff chooses to litigate in its home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

Here, the majority of the factors weigh in favor of this Court retaining jurisdiction. The witnesses and documents relating to Serta's selection and use of the Cassini mattress model name are located in Illinois at Serta's headquarters. The Serta employees that may eventually be called to testify in this action are located in Illinois. Both parties are equally inconvenienced and have similar relative means with respect to defending the suit in the other's chosen jurisdiction. The locus of operative facts factor supports the action proceeding in Illinois. In particular, the PERFECT DAY Cassini mattress model name was developed by Serta employees, most of whom are located in Illinois.

As the asserted claims are based on the Federal Lanham Act, both forums have familiarity with the governing law and therefore this factor does not favor either jurisdiction. Finally, Serta, the plaintiff in the first-filed action, chose to file suit in the Northern District of Illinois where it resides. In accordance with well-established principles of giving significant deference to the plaintiff's chosen forum, this factor also supports retaining jurisdiction here. In sum, an evaluation all of the factors of the balancing test favors retaining venue in Illinois.

### III. CONCLUSION

For all these reasons, Serta respectfully requests that this Court deny OCI's motion to dismiss or transfer.

Dated: January 26, 2012 

Respectfully submitted,

/s/ Nicole M. Murray
Nicole M. Murray
Nicole A. Bashor
Quarles & Brady, LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654-3422

Attorneys for Plaintiff Serta, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system (ECF) on this 26th day of January 2012 upon the following:

> Julius Vincent Reppert
> Reppert Kelly, LLC
> 120 Mountain View Blvd.
> Post Office Box 509
> Basking Ridge, NY 07920
>
> Joseph F. Schmidt
> John F. Kennedy
> Eric K. Lynch
> Shefsky & Froelich Ltd.
> 111 East Wacker Drive
> Suite 2800
> Chicago, Illinois 60601

        /s/ Nicole M. Murray
        Attorney for Plaintiff Serta, Inc.

QB\15705827.1