**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SERTA, INC. )  )  Plaintiff, )  )  v. )  )  OLEG CASSINI, INC., )  )  Defendant. ) | Case No. 11-cv-8004  Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Serta, Inc., filed a complaint against Defendant Oleg Cassini, Inc. ("OCI"), for a declaratory judgment that Serta has not infringed any valid trademark rights of OCI. Before the Court is OCI's motion [18] to dismiss Serta's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404.[1] For the reasons stated below, the motion [18] is respectfully denied.

**I.  Background**[2]

Serta, one of the world's largest manufacturers of mattresses, is a Delaware corporation with its principal place of business near Chicago. Recently, Serta's line of mattresses included a model called the "Perfect Day Cassini." This model was sold exclusively at J.C. Penney stores.

---

[1] OCI also moves, in the alternative, to stay this case to allow a related case in the Southern District of New York to proceed. As discussed in more detail below, the New York case has been dismissed. [See 24.] So this argument is no longer applicable.

[2] The facts relevant to this motion are drawn primarily from the complaint and the parties' pre-litigation correspondence. The latter documents may be considered even though OCI moves to dismiss pursuant to Rule 12(b)(6) because they are referenced in Serta's complaint. See *Brownmark Films, LLC v. Comedy Partners*, -- F.3d --, 2012 WL 2044806, at *2 (7th Cir. 2012) ("It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider documents attached to a motion to dismiss * * * if they are referred to in the plaintiff's complaint and are central to his claim.") (internal quotation omitted).

1

On September 13, 2011, Serta received a letter from OCI, a New York corporation with its principal place of business in New York City. The letter noted that Serta had not secured permission to use the "Cassini" trademark on its mattresses and requested a response. On September 23, Serta's counsel responded to OCI, claiming that the mark "Cassini" is widely used, making it difficult to believe that consumers would confuse Serta's mattress with OCI's products, which include clothing and perfume. Nevertheless, Serta stated that it intended to phase out the "Cassini" model in the first quarter of 2012.

On October 6, counsel for OCI sent a lengthy cease-and-desist letter to Serta's counsel. In the letter, OCI asserted that Serta's use of "Cassini" constituted trademark infringement and unfair competition under the Lanham Act. OCI demanded, among other things, that Serta immediate cease selling the "Cassini" mattresses and that Serta provide OCI with a detailed accounting of the allegedly offending products. OCI stated that if "an appropriate immediate response" was not received, the company would "take further action under the law * * * including, but not limited to, commencing [litigation]."

On October 14, Serta's counsel responded that, although Serta saw no basis for OCI's claims, it discontinued its "Cassini" mattress a few days earlier; the remaining floor samples would be sold within the next two weeks. Serta therefore considered the matter closed. Nevertheless, on October 17, OCI's counsel responded that the matter was not closed. Rather, OCI demanded that: (1) no floor samples be sold; (2) Serta contact search engines to remove content regarding the "Cassini" mattresses; and (3) Serta provide a full accounting as directed in OCI's previous letter. OCI concluded that if it did not receive the accounting, it would "proceed to file suit." OCI sent a similar letter to J.C. Penney on November 1.

Also on November 1, counsel for OCI and Serta spoke over the phone. Serta made a monetary demand, but the dispute was not resolved. Then, on November 10, Serta's counsel sent a letter to OCI's counsel. Serta explained that it was "shocked" by OCI's demand of $100,000, which was greater than Serta's gross wholesale sales of the "Cassini" mattresses. Serta reiterated that it had discontinued all sales of the "Cassini" model, although it stood by its use of the mark. Serta attached its filed declaratory judgment complaint to the letter, stating that it was withholding service in the hopes that OCI would withdraw its additional demands. The parties, however, were unable to settle their dispute.

On December 1, OCI filed a complaint against Serta, J.C. Penney, and National Bedding Company (a licensee and majority shareholder of Serta) in the Southern District of New York, Case No. 11 Civ. 8751, alleging trademark infringement (the "New York Action"). Shortly thereafter, Serta served OCI with its complaint in this action. On January 5, 2012, Serta moved to dismiss the New York Action pursuant to the Second Circuit's "first-filed" rule. See generally *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 981-82 (7th Cir. 2010) (summarizing the various circuits' approaches to the first-to-file rule). The next day, OCI filed its motion in this case.

On March 13, Serta's motion was granted, and the New York Action was dismissed. Among other things, the Judge Engelmeyer found that: (1) Serta's Illinois complaint did not constitute an improper anticipatory finding; and (2) OCI had not shown that the balance of conveniences weighed in favor of a New York—as opposed to an Illinois—venue. [See 24.]

## II. Analysis

### A. Motion to Dismiss

The only issue regarding the motion to dismiss is whether Serta's declaratory judgment complaint constitutes an impermissible anticipatory filing. Generally, when two similar actions

3

are filed, district courts dismiss, stay, or transfer the second-filed suit. See *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 832-33 (N.D. Ill. 2004). But the Seventh Circuit "does not rigidly adhere to a first-to-file rule." *Research Automation, Inc.*, 626 F.3d at 980. Rather, the second-filed action may proceed where, among other things, the first-filed action constitutes an "improper anticipatory filing" made under threat of an imminent suit. *Schwarz*, 317 F. Supp. 2d at 833. Under these circumstances, retaining jurisdiction of the first-filed suit is inconsistent with the purposes of the Declaratory Judgment Act. See *id.* ("The Declaratory Judgment Act is not a tool with which potential litigants may secure a delay or choose the forum.").

OCI argues that Serta's action is an anticipatory filing because it was "aimed to deprive OCI of its rights as a 'natural' plaintiff to file an infringement action in the venue of its choice." [19 at 8.] The Court disagrees. The facts previously described indicate that, for two months, the parties exchanged correspondence but were unable to settle their differences. After receiving OCI's cease-and-desist letter, Serta responded twice that it discontinued the "Cassini" model but that it would not acquiesce to OCI's additional demands. In turn, OCI threatened litigation but did not specify a forum, provide a deadline before it would file suit, or otherwise indicate that a lawsuit was imminent. Indeed, after twice referencing potential litigation, OCI engaged in further discussions with Serta. Under similar circumstances, at least one court in this district has found that the first filing was not improper. See, *e.g.*, *Steiner Indus., Inc. v. Auburn Mfg., Inc.*, No. 07 C 668, 2007 WL 1834176, at *3 (N.D. Ill. June 22, 2007) (finding that defendant "threatened litigation and then failed to keep multiple deadlines to file suit").

Moreover, the cases on which OCI relies are inapposite. In *Tempco Electric Heater Corp. v. Omega Engineering Inc.*, 819 F.2d 746, 747 (7th Cir. 1987), the defendant gave the plaintiff a two-day deadline to reply to its second cease-and-desist letter. The next day, the

4

plaintiff replied that it was disinclined to comply with the defendant's demand. The defendant responded that it had no choice but to file suit. The plaintiff, in turn, filed its lawsuit the day it received the defendant's response. See also *Eli's Chi. Finest, Inc. v. The Cheesecake Factory, Inc.*, 23 F. Supp. 2d 906, 907 (N.D. Ill. 1998) (finding improper anticipatory filing where plaintiff received defendant's cease-and-desist letter and, without responding, filed suit; plaintiff then forwarded complaint to defendant, seeking to "open[] a dialogue").

Here, by contrast, OCI made repeated demands of Serta (and its customer, J.C. Penney) accompanied only by general threats of litigation apparently used to gain a negotiation advantage. After twice rejecting OCI's requests and then receiving a settlement demand that it believed to be unreasonable, Serta filed suit to resolve the impasse. These facts support retaining jurisdiction over the declaratory judgment action under *Tempco*. See 819 F.2d at 749 ("[A] federal court may grant a declaratory judgment to prevent one party from continually accusing the other, to his detriment, without allowing the other to secure an adjudication of his rights by bringing suit."). Thus, OCI's motion to dismiss is denied.

### B. Motion to Transfer

OCI's fallback argument is that the Court should transfer this case to the Southern District of New York. A district court, "[f]or the convenience of parties and witnesses, in the interest of justice, * * * may transfer any civil action to any other district court where" jurisdiction and venue would have been proper at the time the suit was initiated. 28 U.S.C. § 1404(a); see *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). The moving party has the burden of establishing "that the transferee forum is clearly more convenient," based on the particular facts of the case. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The district

5

court has the authority to "make whatever factual findings are necessary * * * for determining where venue properly lies." *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008).

In evaluating § 1404(a) motions, the Court considers: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the interests of justice, and (5) the location of the material events giving rise to the case. See *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996) (listing the first four statutory factors); see also *Continental Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 WL 3055374, *2-3 (N.D. Ill. Sept. 18, 2009) (elaborating on sub-factors). The Seventh Circuit teaches that the specified statutory factors "are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey*, 796 F.2d at 219 n.3; see also *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (explaining that the broad discretion accorded the trial court is a product of the "in the interest of justice" language).

Here, venue is proper in the transferee and transferor districts, as the parties' principal places of business—and, therefore, a substantial part of the events giving rise to their trademark claims—are located there. Proceeding to the factors listed above, the first factor obviously favors Serta. The second factor is neutral because each party would be equally inconvenienced by a suit in the opposing party's home district. The third factor appears to favor Serta, as its documents and witnesses are somewhat more relevant to the case than OCI's. OCI's argument on the fourth factor was predicated on the existence of the New York Action, which has now been dismissed. And finally, the fifth factor appears to favor Serta for the same reasons cited in connection with the third factor. Thus, OCI has not carried its burden of establishing that the Southern District of New York is clearly a more convenient forum.

**III.     Conclusion**

For these reasons, Defendant's motion to dismiss or transfer [18] is denied. A status hearing is set for July 11, 2012, at 9:00 a.m. The parties are directed to file a joint status report, including a discovery plan, by July 9, 2012.

Dated:  June 28, 2012         _____
                                                        Robert M. Dow, Jr.
                                                        United States District Judge